Christopher L. **WEISMUELLER,**
Plaintiff,

v.

John **KOSUBUCKI, Charles H. Constantine, James A. Morrison, Mark J. Baker, Thomas M. Boykoff, Glenn E. Carr, Steven T. Clark, Linda F. Hoskins, James L. Huston, Joseph D. Kearney, Mary Beth Keppel, John Pray, Shirley S. Abrahamson, Jon P. Wilcox, Ann Walsh Bradley, N. Patrick Crooks, David Prosser, Patience D. Roggensack and Louis B. Butler, Defendants.**

No. 07–C–211–S.

United States District Court,
W.D. Wisconsin.

June 19, 2007.

Thomas J. Balistreri, Assistant Attorney General, Madison, WI, for Defendants.

## MEMORANDUM and ORDER

SHABAZ, District Judge.

Plaintiff Christopher L. Weismueller commenced this civil action under 42 U.S.C. § 1983 against defendants John Kosubucki, Charles H. Constantine, James A. Morrison, Mark J. Baker, Thomas M. Boykoff, Glenn E. Carr, Steven T. Clark, Linda F. Hoskins, James L. Huston, Joseph D. Kearney, Mary Beth Keppel, John Pray, Shirley S. Abrahamson, Jon P. Wilcox, Ann Walsh Bradley, N. Patrick Crooks, David Prosser, Patience D. Roggensack and Louis B. Butler. Plaintiff claims that Wisconsin Supreme Court Rule 40.03 discriminates against interstate commerce in violation of rights secured under the Commerce Clause. He seeks declaratory and injunctive relief.

On May 16, 2007 plaintiff filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, affidavits and a brief in support thereof. Plaintiff's motion for summary judgment is fully briefed and ready for decision.

Defendants moved to dismiss plaintiff's amended complaint on June 4, 2007. That motion is being briefed.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding plaintiff's motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Christopher Weismueller is a student at Oklahoma City University School of Law which is an American Bar Association (ABA) approved law school located in Oklahoma City, Oklahoma. Defendants Charles H. Constantine, James A. Morrison, Mark J. Baker, Thomas M. Boykoff, Glenn E. Carr, Steven T. Clark, Lin-

da F. Hoskins, James L. Huston, Joseph D. Kearney, Mary Beth Keppel and John Pray serve on the Board of Bar Examiners. Defendant John Kosubucki acts as the Director of the Board of Bar Examiners. Defendants Shirley S. Abrahamson, Jon P. Wilcox, Ann Walsh Bradley, N. Patrick Crooks, David Prosser, Patience D. Roggensack and Louis B. Butler are members of the Wisconsin Supreme Court.

In their official capacities the defendant members of the Supreme Court have the authority to implement and administer regulation of the practice of law in Wisconsin. They have delegated the administration of Wisconsin Supreme Court Rule, Chapter 40 which regulates admission to practice law in Wisconsin to the Board of Bar Examiners. Defendant Kosubucki processes applications to practice law in Wisconsin.

Wisconsin Supreme Court Rule 40.03 allows graduates of law schools in Wisconsin to be admitted to practice law without taking or passing the Wisconsin bar exam. As a graduate of a law school outside Wisconsin plaintiff must take the Bar exam. The bar exam admission fees are $450–$650. The diploma privilege admission fees are $210–$310. All bar applicants undergo the same background check and complete the same application form.

There are two ABA accredited law schools in Wisconsin: Marquette University and University of Wisconsin.

## MEMORANDUM

Plaintiff moves for summary judgment on his claim that Wisconsin Supreme Court Rule 40.03 discriminates against interstate commerce in violation of the Commerce Clause. Defendants oppose the motion.

The Commerce Clause of the United States Constitution provides that Congress has the power to regulate commerce among the several states. Art. 1, § 8, cl. 3. The Clause has long been understood to have a "negative" aspect that denies the states the power to discriminate unjustifiably against or burden the interstate flow of articles of commerce. *Oregon Waste Systems, Inc. v. Department of Environmental Quality of State of Oregon,* 511 U.S. 93, 98, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994).

The first step in analyzing whether a law violates the Commerce clause is to determine whether it discriminates against interstate commerce or whether it regulates evenhandedly with only incidental effects on interstate commerce. *Id.,* at 99, 114 S.Ct. 1345. Discrimination is defined as differential treatment of in-state and out of state economic interests that benefits the former and burdens the latter.

In *Sestric v. Clark,* 765 F.2d 655 (7th Cir.1985), the United States Court of Appeals for the Seventh Circuit addressed an Illinois Supreme Court Rule that required nonresident attorneys who had practiced for five years to take the Illinois bar exam to gain admission to the Illinois bar while an attorney who became a resident of Illinois could be admitted on motion without taking the bar exam. The Court found that the Illinois rule did not impede the interstate mobility of lawyers and did not prohibit nonresidents from practicing law in Illinois. The Court held that requiring non-residents to take the bar exam had a substantial relationship to a state's legitimate objective of maintaining the quality of its bar. *Id.* at 664. The Court concluded that the rule did not violate the Commerce clause.

In *Scariano v. Justices of Supreme Court of Ind.,* 38 F.3d 920, 927 (7th Cir. 1994), the United States Court of Appeals for the Seventh Circuit addressed an Indiana Bar Admission Rule, Rule 6, that

provided practicing attorneys could gain conditional admission to the Indiana Bar by submitting an affidavit of intent to engage in practice predominantly in Indiana. The rule further provided if the applicant succeeds in such an active practice for five years he or she is admitted to the Indiana Bar. The rule provides in the alternative that a person may gain admission to the Indiana Bar by taking the bar exam.

The Court found that the this rule did not violate the Commerce clause. It did not discriminate against out of state practitioners who had the alternative to take the bar exam (available to the vast majority of attorneys wishing to practice within the state). The Court held that the existence of the exam alternative rendered the alleged extraterritorial reach of the predominant practice requirement speculative at best. *Id.*, at 928. The Court stated, "The fact that nearly everyone-particularly state residents with a political voice-labors under the same yoke negates any claims of discrimination." *Id.*

Finding that the rule had only an incidental effect on interstate commerce the Court applied the *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970) balancing test. The test is whether the burden imposed is "clearly excessive in relation to the putative local benefits." *Id.* The Court found that "the requirement that a practitioner wishing to practice in two states take the bar exam in both states is not excessive in light of the state's interest in regulating the profession." In concluding that the Indiana rule did not violate the Commerce Clause the Court stated, "Given the need to maintain the quality of the legal profession, a judgment that practicing predominantly in Indiana more often than not insures the desired level of familiarity with state law is not unreasonable."

The Wisconsin Supreme Court provides two procedures for new attorneys to gain admission to the Wisconsin Bar by showing their familiarity with Wisconsin law. Graduates from the University Of Wisconsin or Marquette Law Schools may apply for bar admission by virtue of their diploma. SCR 30.03. Graduates of other ABA accredited law schools may apply for admission by taking the Wisconsin Bar exam. SCR 40.04.

Wisconsin residents who attend law schools not in Wisconsin must take the bar exam and residents of other states who graduate from either of the two law schools receive admission to the bar by the diploma privilege. These rules do not discriminate against non-residents. Both residents and non-residents who do not graduate from a Wisconsin law school are required to take the bar exam. The fact that all graduates (resident and non-residents) of all law schools except the University of Wisconsin and Marquette are required to take the law exam to show their familiarity with Wisconsin law negates any claims of discrimination according to *Scariano.*

Since the Wisconsin Supreme Court rule has only incidental effects on interstate commerce the Pike balancing test applies. The Court must determine whether the burden imposed is clearly excessive in relation to the putative local benefits according to *Pike.* Requiring graduates of law schools not in Wisconsin to show their familiarity with Wisconsin law is reasonable based on the state's interest in regulating the profession. Based on the reasoning in *Sestric* and *Scariano,* the Court finds that Wisconsin Supreme Court Rules requiring graduates of all law schools except the University of Wisconsin and Marquette does not violate the Commerce Clause. Accordingly, plaintiff's motion for summary judgment will be denied.

## ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment is DENIED.